IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-220-TAV-DCP |
| | ) | |
| | ) | |
| BRYAN CORNELIUS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On July 17, 2020, the Court held a telephonic motion hearing on Defendant Bryan Cornelius's Motion to Continue Trial [Doc. 190], filed on June 9, 2020, and the motions by Defendants Miles Michnowicz [Doc. 191], Kyrah Johnson [Doc. 192], Dexter Moulden [Doc. 193], Gage Whittenberg [Doc. 194], and Cierra Thompson [Doc. 195] to join in that motion. Assistant United States Attorney Cynthia F. Davison appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Assistant Federal Defender Mary Margaret Kincaid for Defendant Bryan Cornelius; Attorney Forrest L. Wallace for Defendant Gage Whittenberg; Attorney Donny M. Young for Defendant Lamarcus Anderson; Attorney Jamie Poston Hughes for Defendant Tiara Badgett; Attorney Francis L. Lloyd, Jr., for Defendant George Lashawn Bassett; Attorney John Christopher Barnes for Defendant Edward Chatman, Jr.; Attorney Jonathan S. Wood for Defendant Sherika Sharde Freeman; Attorney Wesley D. Stone for Defendant Cobie Fugate;

Attorney Rachel L. Wolf for Defendant Kyrah Johnson; Attorney Christopher Rodgers for Defendant Joseph Locke; Attorney Jeremy E. Karpel for Defendant Miles Michnowicz; Attorney Ruth Thompson Ellis for Defendant Dexter Moulden; Attorney Tommy K. Hindman for Defendant Darren Payne; Attorney R. Deno Cole for Defendant Shaunta Sheadrick; Attorney Stephen G. McGrath for Defendant Cierra Thompson; Attorney Michael P. McGovern for Defendant Demetrius Williams; and Attorney Joseph A. Fanduzz for Defendant Blake Wright.[1] All Defendants were excused from this hearing.

In his motion, Defendant Cornelius asks for a sixty-day extension of the motion deadline, the pretrial conference, the plea deadline, and the trial date, to give counsel additional time to review the discovery with the Defendant and to resolve pretrial matters. At the hearing, Ms. Kincaid said Defendant Cornelius hoped to resolve this case without a trial. However, due to restrictions relating to the COVID-19 pandemic, she needed additional time to confer with the Defendant. She asked to extend the motion deadline, in the event that plea negotiations are not ultimately fruitful. Mr. Karpel said Defendant Michnowicz joins in the motion to continue. He believes a plea agreement will be reached for Defendant Michnowicz with more time. Ms. Wolf stated that she also needs more time to prepare this case on behalf of Defendant Johnson.

Ms. Ellis noted the voluminous discovery and the large number of codefendants remaining in this case. She said that additional time was necessary to prepare this case for trial or plea. Mr. Wallace said Defendant Whittenberg is in custody and that he has not been able to review the discovery with him. Mr. McGrath stated that Defendant Thompson is in a similar posture. He said that she is presently in custody, making it difficult for him to investigate the case and consult with her. Mr. Young, Mr. Wood, Mr. Hindman, Mr. Cole, Mr. McGovern, and

---

[1] Before the hearing began, Attorney Scott Allan Lanzon informed the courtroom deputy that Defendant Jeneca Mobley is no longer proceeding to trial.

Mr. Fanduzz stated that their clients had no objection to the motion to continue the trial and deadlines. Ms. Hughes, Mr. Lloyd, and Mr. Barnes all took no position on the motion but also expressed no objection. Mr. Rodgers said the motion was moot as to Defendant Locke, who has a plea agreement. Mr. Stone said that Defendant Fugate did not join in the motion to continue and wanted to proceed to trial on the current trial date. However, he noted that he could benefit from additional time to prepare this case for trial.

AUSA Davidson confirmed that the Government did not object to the motion to continue the trial and deadlines. She stated that restrictions from the COVID-19 pandemic have made it difficult for defense counsel to review the voluminous discovery with their clients. She said she believes the motion to continue is well-taken. The parties agreed on a new trial date of January 26, 2021.

The Court finds the requests to continue the trial and schedule are well-taken and unopposed by all parties, except for Defendant Fugate. The Court also finds that the ends justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 23] charges the Defendants, in differing combinations, with conspiring to distribute methamphetamine (Count One), heroin and fentanyl (Count Two), and marijuana (Count Three). The Indictment also charges money laundering conspiracies for Defendants Cornelius and Whittenberg (Count Four) and Defendants Cornelius and Michnowicz (Count Five). The Indictment further charges six counts of possession of controlled substances with intent to distribute (Counts Six, Nine, and Twelve through Fifteen), three counts of possession of a firearm in furtherance of drug trafficking (Counts Seven, Eight, Ten), and one count of interfering with the official duties of FBI agents (Count Eleven). Defendants Fugate and Williams face a potential enhanced penalty

3

due to a prior serious drug felony conviction. The parties represent that the discovery in this case is voluminous. Additionally, one charged Defendant has yet to enter the case.

The Court finds that defense counsel have experienced difficulty meeting with their clients, due to restrictions relating to the COVID-19 pandemic. Defense counsel need additional time to confer with their clients, to investigate the case, and to prepare the case for trial. Although Defendant Fugate does not join in the requests to continue the trial and schedule, the Court finds that he is joined for trial with numerous codefendants for whom a trial continuance is necessary and reasonable. *See* 18 U.S.C. § 3161(h)(6). Accordingly, the Court finds that the failure to continue the trial would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering their acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Cornelius' Motion to Continue [**Doc. 190**] and the motions to join in that motion [**Docs. 191-95**] are **GRANTED**, and the trial of this matter is reset to **January 26, 2021**. The Court also finds that all the time between the filing of Defendant Cornelius's motion on **June 9, 2020**, and the new trial date of **January 26, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(6) & -(7)(A)-(B). The Court set a new schedule in this case, which is set out below.

Accordingly, it is **ORDERED**:

(1) Defendant Cornelius' Motion to Continue [**Doc. 190**] is **GRANTED**. The motions to join in this motion [**Docs. 191-95**] are also **GRANTED**;

(2) The trial of this matter is reset to commence on **January 26, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Cornelius's motion on **June 9, 2020**, and the new trial date of **January 26, 2021**, is fully

4

excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is extended to **September 18, 2020.** Responses to motions are due on or before **October 2, 2020**;

(5) The undersigned will hold a motion hearing on all pending pretrial motions on **October 9, 2020, at 1:30 p.m.**;

(6) The deadline for filing a plea agreement in the record is extended to **January 8, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 11, 2021, at 11:00 a.m.** This date is also the deadline for providing reciprocal discovery and filing motions *in limine*; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **January 15, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

                ENTER:

                */s/ Debra C. Poplin*
                Debra C. Poplin
                United States Magistrate Judge