UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:19-CR-220-TAV-DCP-1 |
| | ) | 3:19-CR-220-TAV-DCP-2 |
| BRYAN CORNELIUS and GAGE WHITTENBERG, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant Cornelius's Motion to Suppress Intercepted Communications by Wiretap [Doc. 242] and defendant Whittenberg's motion to adopt the previously mentioned motion [Doc. 247]. This Court referred the motions to United States Magistrate Judge Debra C. Poplin, who issued a Report and Recommendation ("R&R") recommending that the Court grant the motion to adopt and deny the motion to suppress [Doc. 381]. Defendants objected to the R&R [Docs. 392, 396], and the government responded, relying on the original briefing and the R&R [Doc. 404]. Because the Court agrees with Judge Poplin's conclusion, it will **OVERRULE** defendants' objections [Docs. 392, 396], **ACCEPT IN WHOLE** the R&R [Doc. 381], **GRANT** the motion to adopt [Doc. 247] and **DENY** the Motion to Suppress Evidence [Doc. 242].

**I.  Background**

The Court presumes familiarity with the R&R's description of the background. Neither party objected to the magistrate judge's description of the background of the case and the positions of the parties.  The Court, therefore, incorporates this section by reference from the R&R as background.

**II.  Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient."  *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1).

**III.  Analysis**

Defendant Cornelius incorporated defendant Whittenberg's objections.  Therefore, considering the overlap, there are two overall objections to the R&R, both relating to Judge Poplin's conclusion that the necessity requirement had been met.  The Court will consider each argument in turn.

2

### A. Exhaustion of Investigative Techniques

Defendants object to the conclusion that the necessity requirement had been met because "law enforcement had not sufficiently exhausted their ongoing investigative techniques prior to obtaining authorizations for wiretaps" [Doc. 392 p. 6]. Defendants state that based on the evidence already collected, Officer Mynatt had probable cause to apply for search warrants which would have yielded additional strong evidence toward dismantling the conspiracy [*Id.*]. Defendants contend that "traditional investigative techniques were apparently already working to sufficiently expose criminal offenses, and would continue to do so, obviating the need for a wiretap" [*Id.*; *see also* Doc. 396 p. 2–3 ("those investigative techniques had enough success in identifying investigative leads . . . that there was no need for the extreme remedy of a wiretap")].

However, as Judge Poplin noted [Doc. 381 p. 16], "the government is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *United States v. Alfano*, 838 F.2d 158, 163 (6th Cir. 1988) (citing *United States v. Brown*, 761 F.2d 1272, 1275 (9th Cir.1985)). Accordingly, this objection will be **OVERRULED**.

### B. Specificity of the Affidavit

Defendants object to the conclusion that the necessity requirement was met because the affidavit "fails to provide enough specificity on how other proposed investigative techniques would not or could not be successful" and instead relies upon generalized reasons based on the affiant's opinion and experience [Doc. 392 p. 6–7; Doc. 396 p. 3].

3

Defendants state that the techniques were discussed in the affidavit, but the language is "boilerplate" with "nothing particularly unique" about this conspiracy [Doc. 392. p. 7]. Defendants contend therefore that this was not a serious consideration of non-wiretap techniques and that this does not constitute a full and complete statement as to whether other investigative procedures had been tried and failed or why they would be unlikely to succeed or too dangerous [Doc. 396 p.3].

Judge Poplin noted that "[w]ith respect to various other investigative techniques, Officer Mynatt discusses why, in his opinion, each had been or would be inadequate in this case, including specifics about the investigation of Defendants' alleged DTO." [Doc. 381 p. 18]. She discussed at length [*Id.* pp. 19–21] how Officer Mynatt explained other methods would not be feasible "to discover the full scope of the alleged conspiracy, and to achieve the goals of the investigation into the DTO" given the unique operation patterns and characteristics of the DTO that had already been observed [*Id.* p. 19]. She concluded that this information demonstrated that law enforcement gave serious consideration to non-wiretap techniques and defendants had not met their burden to overcome the presumption that the wiretap authorization was proper.

As to defendants' argument that the affidavit was too general, Judge Poplin wrote that

> [a]n affidavit's partial reliance on statements that would be equally applicable to almost any . . . case [of this kind] does not render the affidavit insufficient so long as there is information about particular facts . . . which would indicate that wiretaps are not being routinely employed as the initial step in criminal investigation

4

[Doc. 381 p. 22 (citing *United States v. Wright*, 635 F. App'x 162, 167 (6th Cir. 2015) (citation omitted))]. Contrary to defendants' assertions, the information need not be corroborated or solely based on the specifics of this case. While some of the information may be drawn from Officer Mynatt's experience and applicable to any case, the Court agrees with Judge Poplin that the affidavit contained the required amount of specificity. As the government notes [Doc. 404], the R&R is "extremely thorough and well-reasoned" and the Court agrees with Judge Poplin's conclusions and application of relevant case law to the facts. Defendants' objections are repetitive of the those in the underlying motion and do not identify case law here that would require a different result. Defendants rely on *United States v. Rice*, 478 F.3d 704, 710 (6th Cir. 2007), but this case has already been comprehensively considered and appropriately applied or distinguished in the R&R. Accordingly, the objection will be **OVERRULED**.

**IV.     Conclusion**

For the reasons discussed herein, and upon careful, *de novo* review of the record and the law, defendants' objections [Docs. 392, 396] are **OVERRULED**. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 381] and incorporates it into this Memorandum Opinion and Order. Accordingly, the motion to adopt [Doc. 247] is **GRANTED**, and the motion to suppress evidence [Doc. 242] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE